OPINION *Page 2 
{¶ 1} Plaintiff-appellant Thomas J. Brison appeals the October 23, 2006 Entry of the Fairfield County Court of Common Pleas which granted Defendant-appellee Elite-1 Electric, Inc.'s Motion to Dismiss Complaint.[1]
 STATEMENT OF THE CASE[2] {¶ 2} On September 16, 2004, Appellant filed a complaint seeking an additional allowance of his previously recognized worker's compensation claim. Appellant voluntarily dismissed that complaint on September 1, 2005. On August 10, 2006, Appellant re-filed the complaint which is the subject of this appeal.
 {¶ 3} Appellant had previously filed a separate action of an alleged different additional allowance on September 16, 2003. Appellant had also dismissed that action voluntarily on September 22, 2004. Appellant refiled that action on September 2, 2005, but it was dismissed by the trial court on November 17, 2005.
 {¶ 4} On October 23, 2006, the trial court granted Appellee's Motion to Dismiss the complaint Appellant had refiled on August 10, 2006, based upon the two-dismissal rule found in Civ. R. 41(A). The Entry provided Appellee's costs and attorney fees incurred in the action are assessed against Appellant in an amount to be determined by the Court.[3]
 {¶ 5} We find we do not have jurisdiction to hear this appeal under R.C. 2505.02. Despite the trial court's declaration its October 23, 2006 Entry was a final *Page 3 
appealable order, we find it is not final as it has yet to determine the amount of costs and attorney fees to be awarded Appellee.
 {¶ 6} Accordingly, we dismiss Appellant's appeal.
 By: Hoffman, J., Gwin, P.J. and Edwards, J. concur. *Page 4 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, we dismiss Appellant's appeal for lack of jurisdiction. Costs assessed to Appellant.
[1] Appellee Bureau of Workers' Compensation did not file a brief in this matter.
[2] A rendition of the facts is unnecessary for our resolution of this appeal.
[3] Appellant requested reconsideration by the trial court. The trial court determined it lacked jurisdiction to rule upon the request. *Page 1